NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE REICHELT, | No. 22-55290 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-03389-FMO-JEM |
| v. | |
| CITY OF LOS ANGELES; DOES, 1 through 10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted January 13, 2023[**]
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Lawrence Reichelt appeals from the district court's order dismissing his

action against the City of Los Angeles ("the City") for denying him workers'

compensation benefits and allegedly mishandling his applications for workers'

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

compensation and other benefits.  We affirm.

**1.**  Reichelt argues that the statute of limitations does not bar his claims. Invoking the continuing violation doctrine, he asserts that "[a] new injury occurs each time Reichelt is denied appropriate care and compensation, much like each payment not made on an installment contract is a new breach of contract."  We disagree because the "mere continuing impact from past violations is not actionable" in this context.  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (cleaned up).  The continuing violation doctrine does not apply to Reichelt's claims, which instead accrued when he "kn[ew] or ha[d] reason to know of the actual injury."  *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).  Reichelt has been aware of the City's position that his hepatitis infections were not job-related as early as 1998 and received a determination from the workers' compensation court that his injuries were work-related in 2015.  By any calculation, his claims are barred by the governing two-year statute of limitations.

**2.**  Reichelt also argues that res judicata does not bar his present action against the City.  As the district court correctly concluded, however, this doctrine provides a separate and independent ground for dismissing this action.  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  *Stratosphere Litigation*

*L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002). Reichelt's 2006 federal lawsuit satisfies all three criteria. First, the earlier suit was also against the City. Second, it arose out of the same nucleus of operative facts as the current one—namely, allegations that the City improperly denied and delayed paying him workers' compensation benefits. Third, it resulted in a final judgment on the merits. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("The Supreme Court has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits.").

**AFFIRMED.**